UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SHARON MCKINNEY

VERSUS

STATE OF LOUISIANA, THROUGH
DEPARTMENT OF TRANSPORTATION
AND DEVELOPMENT

CIVIL ACTION

NO. 12-789-JJB-RLB

**RULING ON MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on the defendant's Motion (doc. 12) for Summary Judgment. The plaintiff Sharon McKinney opposes the motion. (Doc. 16). Jurisdiction is based on 28 U.S.C. § 1331. Oral argument is not necessary. For the reasons provided herein, the Court **GRANTS IN PART** the defendant's Motion (doc. 12) for Summary Judgment.

**Background**

Defendant Department of Transportation and Development (DOTD) originally hired plaintiff Sharon McKinney on March 4, 1996 as a clerk, and in 2007, the department promoted her to the position of Administrative Program Manager II. From her initial hiring, McKinney worked at DOTD's District 62 office located in Hammond, Louisiana. During the events that form the basis of the plaintiff's complaint, McKinney worked under the supervision of Sheila Tate, who served as the Assistant District Administrator at the District 62 office. "From July 2010 until July 2012, Connie Standige served as District Administrator of District 62" and "possessed supervisory authority over all employees working at District 62." (Doc. 12-1, p. 2–3). Finally, at all relevant times, Rhett Desselle served as the Assistant Secretary of Operations for DOTD and retained supervisory authority over District 62.

The plaintiff claims that she "was subjected to retaliation and reprisal by defendant[] because of . . . providing testimony and evidence in an EEOC/LCHR investigation involving

1

disability discrimination and retaliation filed by other employees of [d]efendant DOTD and involving Tate."[1] (Doc. 1-2, p. 1–2, ¶ 5). Specifically, the plaintiff claims that she "identified incidents of unlawful discrimination and retaliation which she witnessed as an employee of defendant DOTD." (Doc. 1-2, p. 2, ¶ 5). Consequently, the plaintiff alleges that she suffered retaliation and harassment, particularly at the hands of Sheila Tate. *Id.*

On May 24, 2011, the plaintiff lodged an official grievance with DOTD regarding Ms. Tate's alleged improper conduct and harassment. The plaintiff subsequently requested to be removed from Ms. Tate's direct supervision. As part of "Step 2" of the grievance process, Connie Standige spoke with Ms. Tate regarding the plaintiff's complaint in order to address the plaintiff's grievance. Nevertheless, because Ms. McKinney did not feel satisfied with the response, she sought to proceed to "Step 3" of the grievance process. After a period of time, Susan Pellegrin—Human Resources Director with DOTD—informed Ms. McKinney on July 18, 2011 that her request for a "Step 3" grievance hearing was denied and her grievance was summarily dismissed. (Doc. 12-12, p. 9, 12–13, 31). On July 7, 2011, and prior to the conclusion of the plaintiff's DOTD grievance proceedings, the plaintiff provided testimony to the EEOC regarding the alleged discrimination and retaliation perpetrated against her subordinate employees.[2]

The plaintiff claims that the alleged "harassment and hostile work environment" began when she originally requested reasonable accommodations for these DOTD employees, but "escalated after the EEOC investigation." (Doc. 16-13, p. 6). Thereafter, on September 8, 2011, Rhett Desselle transferred the plaintiff from the District 62 office in Hammond to the DOTD

---

[1] These EEOC investigations involved alleged denials of reasonable accommodations for two employees working under the plaintiff's supervision. The plaintiff originally requested accommodations for these employees pursuant to the ADA.

[2] On September 20, 2011 and September 22, 2011, the EEOC ruled in favor of both of these employees and against DOTD. (Doc. 16-11, p. 29–32).

office located in Baton Rouge, Louisiana.³ (Doc. 12-5). Additionally, Ms. McKinney received a new position with DOTD as a result of the transfer—Program Specialist III—without a change in salary. *Id.* At the meeting regarding the transfer, Mr. Desselle informed the plaintiff that he was transferring her because she "had [previously] asked to be taken out from under Tate's supervision." (Doc. 12-3, p. 69). The plaintiff maintains this same position in the Baton Rouge officer to the present day.

On November 15, 2011, the plaintiff filed an intake questionnaire with the EEOC based on alleged "retaliation" and "harassment." (Doc. 16-11, p. 38–43). Prior to receiving her right-to-sue letter, Ms. McKinney filed the pending action in a Louisiana state court, claiming that the retaliation and on-going harassment constituted illegal reprisal under Louisiana Revised Statutes 23:967. (Doc. 1-2, p. 3). On November 20, 2012, McKinney received her right-to-sue letter from the EEOC and amended her complaint to include claims under Title VII, 42 U.S.C. § 2000e, et seq. (Doc. 1-4, p. 3; doc. 16-11, p. 33). The defendant subsequently removed the case to this Court and filed the pending motion for summary judgment, seeking judgment in its favor as to all of the plaintiff's claims. (Doc. 12).

**Analysis**

1. <u>Summary Judgment Standard</u>

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. Rule Civ. P. 56(a). The movant must demonstrate that there is no genuine issue of material fact for trial. When the non-moving party has the burden of proof at trial, the movant need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The moving party can do this by showing that the

---
³ This change necessitated a 110 mile commute for the plaintiff.

evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. Rule Civ. P. 56(c)(1).

Although the court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139–40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not . . . competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991).

"In a motion for summary judgment, a federal district court is not called upon to make credibility assessments of conflicting evidence." *Melancon v. Ascension Parish*, 823 F. Supp. 401, 404 n.19 (M.D. La. 1993). "To the contrary, all evidence is considered in the light most favorable to the non-movant." *Id.* "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 151 (2000) (quoting *Anderson*, 477 U.S. at 255).

2. <u>Title VII Harassment Claim</u>

While the defendant argues extensively against any alleged Title VII harassment claim, it does not appear the plaintiff is attempting to make such a claim, as there does not appear to be any reference to such a claim in the plaintiff's opposition. Rather, the plaintiff focuses entirely on her retaliation and reprisal claims under Title VII and Louisiana state law. It appears the plaintiff uses the term "harassment" to refer to the treatment she suffered in alleged retaliation

for her EEOC-investigation participation and/or DOTD grievance, as opposed to raising a specific harassment claim under Title VII. Furthermore, even if the plaintiff intended to state such a harassment claim, the Court finds that she failed to sufficiently plead or delineate such a claim. Moreover, the plaintiff fails to rebut the defendant's arguments against such a claim or produce evidence sufficient to raise a genuine issue of material fact. Therefore, the Court grants summary judgment for the defendant as to any Title VII harassment claim.

3. Title VII Retaliation Claim

Based on this Court's review, the plaintiff's primary allegation is that the defendant's and its employees' behavior constituted retaliation, in violation of Title VII. "To establish a prima facie case of retaliation, the plaintiff must establish that: (1) [she] participated in an activity protected by Title VII; (2) [her] employer took an adverse employment action against [her]; and (3) a causal connection exists between the protected activity and the adverse employment action." *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007) (citing *Banks v. E. Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003); *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002)). "If the plaintiff makes a prima facie showing, the burden then shifts to the employer to articulate a legitimate, . . . nonretaliatory reason for its employment action." *Id.* at 557 (citing *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000); *Gee*, 289 F.3d at 345). "The employer's burden is only one of production, not persuasion, and involves no credibility assessment." *Id.* (citing *Russell*, 235 F.3d at 222). "If the employer meets its burden of production, the plaintiff then bears the ultimate burden of proving that the employer's proffered reason is not true but instead is a pretext for the real . . . retaliatory purpose." *Id.* The plaintiff accomplishes this "by showing that the adverse action would not have occurred 'but for' the employer's retaliatory motive." *Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen.*, 730

F.3d 450, 454 (5th Cir. 2013) (citing *University of Texas Southwestern Medical Center v. Nassar*, 133 S.Ct. 2517, 2533 (2013)). "In order to avoid summary judgment, the plaintiff must show 'a conflict in substantial evidence' on the question of whether the employer would not have taken the action 'but for' the protected activity." *Id.* (citing *Long v. Eastfield College*, 88 F.3d 300, 308 (5th Cir. 1996)).

    a. *Prima Facie Case*

Turning to the initial question of whether the plaintiff made a prima facie showing, it appears undisputed that the plaintiff engaged in "protected activities" when she filed the DOTD grievance on May 24, 2011 and when she participated in the EEOC investigation regarding her subordinate employees. Nevertheless, the defendant contends that the only adverse employment action which the plaintiff can establish is her transfer to Baton Rouge and position reassignment, as opposed to the plethora of ancillary actions she complains about in her pleadings. "A retaliation claim under Title VII and the ADA, 'unlike the substantive provision, is not limited to discriminatory actions that affect the terms and conditions of employment.'" *Butler v. Exxon Mobil Corp.*, 838 F. Supp. 2d 473, 496–96 (M.D. La. 2012) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 64 (2006)). "[A] retaliation claim may rest on an action that 'a reasonable employee would have found . . . [to be] materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473, 484 (5th Cir. 2008) (quoting *Burlington*, 548 U.S. at 68). As this Court previously provided with regards to "adverse employment action":

> [C]hastisement by superiors and ostracism by co-workers "do not rise to the level of material adversity but instead fall into the category of 'petty slights, minor annoyances, and simple lack of good manners' that the Supreme Court has recognized are not actionable retaliatory conduct." Thus, as a matter of law,

6

> Plaintiff's allegations of workplace criticism and job scrutiny **are not adverse employment actions for the purposes of his retaliation claims**.

*Butler*, 838 F. Supp. 2d at 496 (quoting *Stewart v. Mississippi Transp. Com'n*, 586 F.3d 321, 332 (5th Cir. 2009)). Similarly, the plaintiff's present allegations centered on job scrutiny and chastisement from her superior Sheila Tate do not rise to the level of an adverse employment action for purposes of a Title VII retaliation claim. Additionally, the plaintiff seemingly claims that an alleged "lack of control" with her DOTD grievance filing and subsequent internal investigation was the result of retaliation. (Doc. 16-1, p. 26). However, this assertion is based entirely on the plaintiff's subjective belief, as there is no evidence of a "lack of control," and instead, ample evidence that the DOTD complied with the requisite process and maintained control over her grievance process. (Doc. 12-12). But, regardless of the foregoing, the plaintiff still succeeded in making the necessary, prima facie showing with regards to an adverse employment action, as there is no dispute that the plaintiff's transfer to Baton Rouge and position reassignment constituted an adverse employment action.

Finally, looking at the third element, the Fifth Circuit stated that "[c]lose timing between an employee's protected activity and an adverse action against him may provide the 'causal connection' required to make out a prima facie case of retaliation." *Richardson v. Prairie Opportunity, Inc.*, 470 Fed. Appx. 282, 286 (5th Cir. 2012) (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 556–57 (5th Cir. 2007)) (internal quotation marks omitted). The Fifth Circuit previously provided that "a time lapse of up to four months has been found sufficient to satisfy the causal connection for summary judgment purposes." *Evans v. City of Houston*, 246 F.3d 344, 354 (5th Cir. 2001) (quoting *Weeks v. NationsBank, N.A.*, 2000 WL 341257, at *3 (N.D. Tex. 2000)) (internal quotation marks omitted). The evidence shows that the plaintiff submitted a DOTD grievance form on May 24, 2011 regarding alleged improper conduct by

Sheila Tate and then provided testimony to the EEOC on July 7, 2011 in connection with complaints filed by two subordinate employees. (Doc. 16-1, p. 16; doc. 16-11, p. 17–19). Additionally, the evidence indicates that DOTD transferred the plaintiff to the Baton Rouge office on September 8, 2011. (Doc. 16-1, p. 22). The time lapse between the initial grievance and the transfer to Baton Rouge—less than four months—provides the requisite causal connection necessary to make a prima facie showing. Therefore, based on Fifth Circuit precedent, and the plaintiff's showing with regards to the three requisite elements, this Court finds that the plaintiff sufficiently stated a prima facie case of retaliation.

      b. *Nonretaliatory Reasons*

As the Court finds that the plaintiff has made a prima facie showing, "the burden . . . shifts to the employer to articulate a legitimate, . . . nonretaliatory reason for its employment action." *McCoy*, 492 F.3d at 557 (citing *Russell*, 235 F.3d at 222; *Gee*, 289 F.3d at 345). As aforementioned, "[t]he employer's burden is only one of production, not persuasion, and involves no credibility assessment." *Id.* (citing *Russell*, 235 F.3d at 222). In this matter, the defendant puts forth three reasons for transferring and reassigning the plaintiff: (1) Ms. McKinney previously sought to be moved from Tate's supervision, (2) staffing at the District 62 office was higher than necessary, and (3) DOTD was seeking to improve the work environment at District 62. The evidence, including depositions from the relevant individuals, supports a finding that the defendant satisfied its minimal burden of producing nonretaliatory reasons for its actions. (*See* doc. 12-4, p. 45–49; doc. 12-7, p. 35–38).

      c. *Proof of Pretext*

Accordingly, as the defendant produced non-retaliatory reasons for transferring and reassigning the plaintiff, the plaintiff now bears the burden of "proving that the employer's

proffered reason is not true but instead is a pretext for the real . . . retaliatory purpose." *McCoy*, 492 F.3d at 557 (citing *Russell*, 235 F.3d at 222). As aforementioned, to avoid summary judgment, the plaintiff "must show 'a conflict in substantial evidence' on the question of whether the employer would not have taken the action 'but for' the protected activity." *Feist*, 730 F.3d at 454 (citing *Long*, 88 F.3d at 308). "To carry this burden, the plaintiff must rebut **each** nondiscriminatory or nonretaliatory reason articulated by the employer." *McCoy*, 492 F.3d at 557 (emphasis added) (citing *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)).

In the present matter, even looking at the evidence in the light most favorable to the plaintiff, the Court finds that the plaintiff failed to produce sufficient evidence showing that the defendant's non-retaliatory reasons are pretext. First, with regards to the defendant's stated reason that it transferred and reassigned the plaintiff due to her seeking removal from Tate's supervision, the plaintiff contends that this reason is pretext because the plaintiff never asked to be moved from the Hammond office or from her position. Yet, it is undisputed that the plaintiff did ask to be removed from Sheila Tate's supervision. The uncontroverted evidence is that the DOTD reviewed options for how to accommodate Ms. McKinney's request, and the only viable option to remove her from Tate's supervision was to transfer and reassign her to an open position in the Baton Rouge office. (Doc. 12-4, p. 63; doc. 12-7, p. 35–39; doc. 16-6, p. 21). Testimony otherwise is based on pure speculation. (*See* doc. 16-11, p. 13). In fact, the only evidence, outside of plaintiff's unfounded allegations, is that the transfer was the only viable option to remove Ms. McKinney from Sheila Tate's supervision, as per her prior request.

Next, the plaintiff argues pretext with regards to the defendant's reasoning that the transfer occurred because of productivity issues and excessive staffing levels at District 62. Specifically, the plaintiff points to the testimony of John Rollins, in which he provided that he

did not believe that productivity was low at the District 62 business office. (Doc. 16-5, p. 9). Further, she focuses on the lack of any other employees being moved from the group by Rhett Desselle, despite his claim that they were strategizing to move workers out of the work group. However, Desselle testified that two other employees were removed from the same work group through termination and retirement, and not through a transfer like the plaintiff. (Doc. 16-6, p. 19–20). Further, Connie Standige testified that, while they did not "cut" any positions at District 62, they also did not "fill the positions when they became vacated." (Doc. 16-7, p. 8). Additionally, Standige testified that DOTD continuously looked into staffing levels at all districts to make sure that a District "needed to continue with that number of employees." (Doc. 16-7, p. 7). Moreover, the evidence shows that the position of Administrative Program Manager II at District 62 was not filled after the plaintiff received her transfer and had not been filled as of March 21, 2014. (Doc. 16-11, p. 5; doc. 18-2, p. 3–7).

Finally, the plaintiff claims pretext with regards to the defendant's non-retaliatory reasoning that it moved the plaintiff to improve District 62's work environment. There is ample evidence that the plaintiff and Ms. Tate did not get along throughout their work history together. Rhett Desselle testified that the intent behind the transfer and reassignment was "a step in the direction of trying to resolve the issues in the work environment in [the plaintiff's] work group." (Doc. 12-4, p. 56). Further, Desselle, the individual transferring Ms. McKinney, testified that he was not even aware of Ms. McKinney's role in the EEOC investigation regarding her subordinate employees. (Doc. 12-4, p. 58). While the plaintiff rhetorically asks why Tate was not transferred or terminated, this does not show that the DOTD's reason was pretext; it only raises the issue of whether there was a better method to achieve the same goal. However, this is not germane to the issue of whether the defendant's reasoning for the move was motivated by

10

retaliation. This is because courts are not concerned with whether or not the employer's decision was in error; but rather courts must determine if the decision was motivated by discriminatory intent. *Mayberry v. Vought Aircraft Co.*, 55 F.3d 1086, 1091 (5th Cir. 1995); *see also Bodenheimer v. PPG Industries, Inc.*, 5 F.3d 955, 958 (5th Cir. 1993) ("The employer need only articulate a lawful reason, regardless of what its persuasiveness may or may not be.").

The plaintiff focuses on the reassignment letter's reference to DOTD Secretary's Policy and Procedures Memorandum (PPM) Number 26 as a self-evident example that the defendant's reasoning is pretext. However, other than stating that PPM Number 26 is disciplinary in nature, which appears to be accurate, the plaintiff makes no further argument as to how this document and reference alone shows pretext. Specifically, the reassignment letter refers to Civil Service Rules 23.10 and 23.11, in addition to PPM Number 26, as allowing for the plaintiff's transfer and reassignment. (Doc. 16-6, p. 27). Civil Service Rules 23:10 and 23:11 allow an appointing authority to reassign any permanent employee to a different job title, provided it has the same pay rate, as well as change the duty station of any permanent employee from one geographical area to another. *Id.* Similarly, PPM Number 26 allows for corrective action, including reassignment, when "any employee's work performance, conduct, or productivity falls below established standards." (Doc. 16-11, p. 22). In contrast, Rhett Desselle, the individual that initiated the transfer and that signed the reassignment letter, testified that he did not consider the reassignment and duty change to be disciplinary in nature. (Doc. 12-4, p. 61). This Court does not find that the mere reference to PPM Number 26 rises to the level of "a conflict in substantial evidence" such as to overcome the defendant's motion for summary judgment. *Feist*, 730 F.3d at 454 (citing *Long*, 88 F.3d at 308).

Therefore, based on this Court's review, and looking at the evidence in the light most favorable to the non-movant, the Court finds that the plaintiff failed to satisfy her ultimate burden. The plaintiff failed to "show 'a conflict in substantial evidence' on the question of whether the employer would not have taken the action 'but for' the protected activity." *Id.* Accordingly, the Court must dismiss the plaintiff's Title VII retaliation claim.

4. <u>State Law Claim</u>

The only possible remaining claims in this case are state law claims. Under 28 U.S.C. § 1367, [t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). As the Court has dismissed all of the claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction, as only state law claims remain pending. Accordingly, the Court will remand the case to the court from which it was originally removed, the 19th Judicial District Court of East Baton Rouge Parish, Louisiana.

## Conclusion

Therefore, the Court **GRANTS IN PART** the defendant's Motion (doc. 12) for Summary Judgment. Furthermore, the Court **REMANDS** the case to the 19th Judicial District Court of East Baton Rouge Parish, Louisiana.

Signed in Baton Rouge, Louisiana, on June 10, 2014.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**